# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

THOMAS L. CLELLAND, )
)
        Plaintiff, )
)
v. )
) No. 06-5042-CV-SW-FJG
CUNNINGHAM SANDBLASTING AND )
PAINTING, INC., et al., )
)
        Defendants. )

## ORDER

Pending before the Court are (1) defendant Caldwell Tanks' Motion to Dismiss or Alternatively, to Stay (Doc. No. 20); and (2) defendants Cunningham Sandblasting & Painting, Inc., Unicon Inc., and Ned Walters' Motion to Dismiss or Alternatively, to Stay (Doc. No. 23). Notably, defendants Cunningham Sandblasting & Painting, Inc., Unicon Inc., and Ned Walters' join in, incorporate and adopt Caldwell Tanks' suggestions in support of its motion to dismiss. Accordingly, all motions will be considered together, below.

**I. Background**

Pro se plaintiff Thomas Lee Clelland alleges that he was involved as an employee working on the construction of elevated tank projects in Garden City, Missouri, and Diamond, Missouri. Plaintiff alleges that defendant Caldwell Tanks was the general contractor on both projects, and defendants Cunningham Sandblasting and Painting Inc., and/or Unicon Inc., President Mr. Ned Walters, were the sub-contracting entities that were awarded the contracts for the sandblasting, painting, and detailing of the tank projects. Plaintiff alleges (among other things) that defendants failed to pay him the prevailing wage, misrepresented the hours and dates worked by plaintiff, and failed to pay plaintiff for overtime worked (see Doc. No. 5, Count No. IX), in violation of state and federal law.

**II. Motions to Dismiss**

Defendants move to dismiss plaintiff's federal claims for lack of subject matter jurisdiction and failure to state a claim, and in the absence of federal jurisdiction, to dismiss any state law claims.

**A.     Standard of Review**

        1.     Dismissal for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs dismissals for lack of subject matter jurisdiction. Under Rule 12(b)(1), defendants may challenge a claim both facially and factually. In a "facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

In a factual challenge, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947)). To the extent that jurisdiction is challenged on the basis of the facts of the case, a less exacting standard of decision is applicable than would be applicable to judgment under Rule 56. Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). No presumption of truthfulness attaches to a plaintiff's allegations relating to subject matter jurisdiction. Titus, 4 F.3d at 593 n.1. The existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims. Titus, 4 F.3d at 593. The Court may resolve any factual dispute bearing on subject matter jurisdiction through affidavits, deposition testimony, or an evidentiary hearing. Id. Moreover, a party who invokes jurisdiction carries the burden of proof on jurisdictional issues. That burden never shifts, even when facts must be resolved by the court to decide jurisdictional challenges. Osborn, 918 F.2d at 730; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61 (1992); Boyle v. Anderson, 68 F.3d 1093, 1100 (8th Cir. 1995), cert. denied,

516 U.S. 1173 (1996).

### 2. Dismissal for Failure to State a Claim

Rule 12(b)(6) governs dismissals for failure to state a claim upon which relief can be granted. The Court, in ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, will not consider any matters outside the pleading. Fed.R. Civ. P. 12(b)(6). To clarify, matters excluded as outside the pleading include "'any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings....' [Therefore,] a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint." Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting and agreeing with Wright & Miller, Federal Practice and Procedure § 1366).

"A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Mo. v. Mo. Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Leiberkneckt v. Bridgestone/Firestone, Inc., 980 F. Supp. 300, 304 (N.D. Iowa 1997) (quoting Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)) (alteration in original).

### B. Discussion

Defendant Caldwell Tanks states that there is no federal private right of action for the sorts of claims plaintiff is alleging, stating, "[a]lthough the *pro se* complaint is somewhat

unclear, especially about plaintiff's various claims against his own employers, the gravamen of plaintiff's claim against Caldwell is an alleged violation of prevailing wage laws." Defendant Caldwell Tanks states that overwhelming authority indicates that there is no federal private cause of action for these sorts of claims. Defendant notes that no Eighth Circuit decisions are on point; however, defendant states that the Second, Third, Fifth, and Ninth Circuits have found that the Davis-Bacon Act provides no support for a private right of action. See Glynn v. Capeletti Brothers, Inc., 621 F.2d 1309 (5th Cir. 1980); Grochowski v. Phoenix Construction, 318 F.3d 80 (2d Cir. 2003); Operating Engineers Health & Welfare Trust Fund v. JWJ Contracting Co., 135 F.3d 671 (9th Cir. 1998); Weber v. Heat Control Co., 728 F.2d 599 (3d Cir. 1984). See also Universities Research Association v. Coutu, 450 U.S. 754, 101 S.Ct. 1451, 1460 n. 18, 1462 (1981) (noting in dicta that section 1 of the Davis-Bacon Act "provides no support for the implication of a private remedy" and "some of our reasoning arguably applies to the question whether the Act creates any implied right of action. . ."). Defendant further notes, however, that the Seventh Circuit has reached the opposite result. See McDaniel v. University of Chicago, 548 F.2d 689 (7th Cir. 1977). Given that the Eighth Circuit has not spoken on this issue, and that a split in authority exists among the circuits that have decided this issue, the Court declines to grant defendants' motion to dismiss on this basis.

Further, plaintiff raises numerous issues in response, in particular noting that he is seeking damages pursuant numerous other federal statutes, including the Miller Act, the Fair Labor Standards Act ("FLSA")[1], ERISA, the Copeland Act, and the Walsh-Healy Act, and therefore plaintiff's federal claims should not be dismissed. As plaintiff alleges he has sufficiently pled federal claims, moreover, plaintiff states that his state law claims should be allowed under supplemental jurisdiction.

---

[1] In particular, the Court finds that plaintiff has adequately pled violations of the FLSA with respect to failure to properly pay overtime in Count IX of his pro se complaint.

4

After reviewing the parties' motions, the Court finds that plaintiff's case should not be dismissed. Plaintiff has adequately alleged violations of federal law against defendants. Furthermore, although defendants, in a factual challenge of subject matter jurisdiction, could have presented evidence in support of their motions, defendants failed to do so. The Court cannot base its findings on defendants' unsupported assertions. Instead, viewing the allegations in the complaint as true (as the Court must, in such circumstances), the Court finds that plaintiff has sufficiently pled a federal cause of action and there does not appear to be an insuperable bar to relief.

Defendant Caldwell Tanks moves, in the alternative, for a stay of proceedings pending administrative action. As correctly pointed out by plaintiff, however, defendant provides no support that plaintiff has filed another wage complaint with any agency. Thus, defendants' motion to stay proceedings is **DENIED**.

### IV. Conclusion

For the foregoing reasons, defendants' motions to dismiss or alternatively to stay (Doc. Nos. 20 and 23) are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

Thomas L. Clelland
403 E. 20th St.
Pittsburg, Kansas 66762

**IT IS SO ORDERED.**

Date: 1/8/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**
Fernando J. Gaitan, Jr.
United States District Judge